## DICKER v. COHEN.

(Supreme Court, Appellate Term.  June 22, 1903.)

Dissenting opinion.  For majority opinion, see 84 N. Y. Supp. 189.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

MacLEAN, J.  The defendants, "insurance adjusters," undertook to obtain payment of a fire loss incurred by the brother-in-law and assignor of the plaintiff, who was brought to the Cohens by one Feingold, an insurance agent.  Some arrangement of employment was made.  Dicker asserts with positiveness and circumstance that the compensation was to be 10 per cent.  The defendants say that it was to be 50 per cent., and, having collected $300, they gave him $150. The trial justice believed the plaintiff's story, and rendered judgment for $100, striking something for some items, thus leaving the plaintiff $20 less than his demand, which was for the difference between 10 per cent. and 50 per cent. on $300.  The learned justice had enough before him to sustain his determination and the judgment.  Besides its own coherent plausibility, plaintiff's story was strongly corroborated by the defendants.  One of them testified that the ordinary commission for collection was 5 per cent. to 10 per cent.  In the agreement for compensation, signed in a struggling way by the plaintiff, the figures "50" are crowded together on the printed form in a manner suggesting that the "o" was added.  Admittedly collecting but $300, the Cohens, as if forefending trouble, had Dicker sign a receipt for the full $300.  They then drew a check for $150, had Dicker indorse it, then erased the drawer's signature, and gave him $150 in money.  It is not necessary to go far afield from the record for evidence of turpitude and tergiversation.  Besides all, the defendants had in court Feingold, who brought in Dicker, and who was very like their agent on their showing.  Dicker says they told him he was their agent, and that what he said was as good as what they said, and that he was the persuading factor, was participant in much of the whole business, and was in court; and they did not call Feingold.

The judgment should be affirmed, with costs.  All concur.